# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-2241V

| | |
|---|---|
| BRIAHNA BRYANT,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: May 6, 2024 |

*David John Carney*, Green & Schafle, LLC, Philadelphia, PA, *for Petitioner*.

*Mark Kim Hellie*, U.S. Department of Justice, Washington, DC, *for Respondent*.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 1, 2021, Briahna Bryant filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccine she received on December 5, 2018. Petition at 1. On March 20, 2024, I issued a decision awarding compensation to Petitioner, following briefing and expedited Motions Day argument by the parties. ECF No. 37.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $49,002.55 (representing $48,009.50 in fees and $993.05 in costs). Petitioner's First Application for Attorneys' Fees and Costs, filed Apr. 11, 2024, ECF No. 43. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. *Id.* at 46-47.

Respondent reacted to the motion on April 25, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 45. Petitioner has filed no reply.

Having considered the motion along with the invoices and other proof filed in connection, I find reductions in the amount of fees to be awarded appropriate, for the reasons set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

2

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A. Hourly Rates

Petitioner requests hourly rates for attorneys and paralegals performing work in this matter as follows:

|  | **2021** | **2022** | **2023** | **2024** |
|---|---|---|---|---|
| David J. Carney, Esq. | $375 | $400 | $425 | $450 |
| Adam M. Green, Esq. | X | X | $425 | X |
| Evan R. Baker – Law Student | X | X | $165 | X |
| Paralegals | $145 | $145 | $175 | X |

ECF No. 43 at 2-3, 14-27. The hourly rates requested for Mr. Carney, Mr. Green, Ms. Baker (as law student) and paralegals for all time billed in the 2019-2023 period are reasonable and consistent with prior determinations and shall therefore be awarded herein. Petitioner has also requested a 2024 attorney hourly rate of $450 for work performed by David Carney - representing a rate increase of $25. *Id.* at 3, 29-31. I find this 2024 hourly rate to be reasonable.

However, a few of the tasks performed by Mr. Carney are more properly billed using a paralegal rate.[3] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). **This reduces the amount of fees to be awarded by $331.00.[4]**

---

[3] These entries, drafting basic documents such as an exhibit list, PAR Questionnaire, cover sheet, and statement of completion, are dated as follows: 3/26/22, 3/28/22 (two entries)., and 1/27/23. ECF No. 43 at 16-17, 20.

[4] This amount consists of ($400 - $145) x 1.2 hrs. + ($425 - $175) x 0.1 hrs. = $331.00.

3

### B. Billed Hours

Regarding the number of hours billed, some adjustments also are merited. First, attorney Adam Green billed 1.1 hours on May 15, 2023, for researching and drafting the "Legal Standard" section of the damages brief. ECF No. 43 at 22. However, the resulting section is virtually *identical* to the content of previous briefs filed by Petitioner's counsel in other cases. Review of the damages briefing from the same counsel from 2021 to the present, and filed in 29 *other* SPU SIRVA cases requiring a substantive damages decision, reveals multiple similarities related to the "Legal Standard" sections containing discussions of authority existing for at least ten years - with only minor changes, or slight, non-substantive differences in how paragraphs were ordered. For example, the briefing in this case is strikingly similar to what counsel filed in 2021 (the year prior to the briefing in this case) in *Boyd v. Sec'y of Health & Hum. Servs.,* No. 19-1107V at ECF No. 29; *McCabe v. Sec'y of Health & Hum. Servs.,* No. 19-1916V at ECF No. 26; *Hartman v. Sec'y of Health & Hum. Servs.,* No. 19-1106V at ECF No. 32; *Niemi v. Sec'y of Health & Hum. Servs.,* No. 19-1535V at ECF No. 31; *Morrison-Langehough v. Sec'y of Health & Hum. Servs.,* No. 19-1103V at ECF No. 42; *Carlow v. Sec'y of Health & Hum. Servs.,* No. 19-1449V at ECF No. 25; *Buckley v. Sec'y of Health & Hum. Servs.*, No. 19-1602V at ECF No. 23; *Guerrero v. Sec'y of Health & Hum. Servs.,* No. 20-0851V at ECF No. 30; *Clappe-Mixell v. Sec'y of Health & Hum. Servs.,* No. 19-1538V at ECF No. 36; *Black v. Sec'y of Health & Hum. Servs.,* No. 20-0777V at ECF No. 24; *Miller v. Sec'y of Health & Hum. Servs.,* No. 20-0604V at ECF No. 31; *Klausen v. Sec'y of Health & Hum. Servs.,* No. 19-1977V at ECF No. 44 (in chronological order). Attorney's fees which included 1.4 to 1.8 hours, respectively, for work by Mr. Green, have already been awarded in those cases.

"If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Hum. Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). While I do not fault counsel for recycling "boilerplate" in briefs that is relevant in different cases, it is not appropriate to bill fully for such work either when it is not novel (or only requires minor updating). Accordingly, I will award only .5 hours of time for this task, reducing the time billed by 0.5 hours. **This results in a reduction of $255.00.**[5]

Regarding the time billed, I note this case required additional briefing and argument regarding damages. *See* Status Report, filed Apr. 20, 2023, ECF No. 27; Petitioner's Brief in Support of Damages, filed May 31, 2023, ECF No. 28; Petitioner's

---

[5] This amount is calculated as follows: 0.6 hrs. x $425 = $255.00.

4

Reply Brief in Support of Petitioner's Motion for Damages Brief, filed Aug. 15, 2023, ECF No. 34; Minute Entry, dated Mar. 18, 2024 (for March 15, 2024 expedited hearing). Petitioner's counsel expended approximately 16.2 hours drafting the damages brief and 13.4 hours drafting the responsive damages brief, totaling 29.6 hours. ECF No. 43 at 22-24. Although slightly higher than the amount of time usually required, especially considering the 14.9 hours spent finalizing the demand (*id.* at 19-21), I still find this amount of time to be reasonable and will award the attorney's fees requested.

## ATTORNEY COSTS

Petitioner requests $993.05 in overall costs and has provided receipts for all but expenses. ECF No. 43 at 28-45. And Respondent offered no specific objection to the rates or amounts sought.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$48,416.55 (representing $47,423.50 in fees and $993.05 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, David J. Carney.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.